UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Todd M. Horstkotte


    v.                                                  08-cv-061-JL

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.[1]


**ORDER**


    Before the Court is Todd Horstkotte's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. 12132 *et seq.* ("ADA"), State tort law, the International Covenant on Civil and Political Rights, 6 I.L.M. 368, and the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 18 U.S.C. § 2340

---

[1] In addition to Wrenn, Horstkotte names the following New Hampshire Department of Corrections employees as defendants to this action: New Hampshire State Prison ("NHSP") Warden Richard Gerry, Health Services Director Robert McLeod, Chief Physician Celia Englander, Nurse Practitioner Corina Neculai, and Health Services Administrator Joyce Leeka.  In addition, I find that Christopher Kench, an employee in Wrenn's office, and Jeffrey Perkins, NHSP Food Services Supervisor, are intended defendants to this action as, although they are not named in the caption, they are identified in the narrative of the complaint as individuals who were responsible for the alleged violations of Horstkotte's rights.

*et seq.*[2]  Horstkotte seeks damages and injunctive relief, alleging that his rights were violated when he was denied adequate medical care during his incarceration at the New Hampshire State Prison.  The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

For reasons explained fully in the Report and Recommendation issued this date, I direct that the claims alleging violations of the Eighth Amendment, the ADA, and State law, proceed against defendants Wrenn, Kench, Gerry, Englander, McLeod, Leeka, Neculai, and Perkins.  In my Report and Recommendation, I recommended dismissal of the claims based on international treaties.

---

[2] Horstkotte also asserts a nominal claim for a writ of habeas corpus, alleging that the conditions of his confinement are so violative of his rights that he should be released from incarceration.  Habeas relief is only available, however, to an inmate challenging the fact or length, rather than the conditions, of his confinement. Preiser v. Rodriquez, 411 U.S. 475, 489-99 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Here, Horstkotte's complaint challenges the constitutionality of the conditions of his confinement at the NHSP.  I will not, therefore, consider Horstkotte's request for habeas relief as part of this action.

I order the complaint (document no. 1) be served on Defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation issued this date, and the complaint (document no. 1).  <u>See</u> LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   May  5, 2008

cc:     Todd M. Horstkotte, pro se