**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Todd M. Horstkotte


          v.                              Civil No. 08-cv-61-JL

William Wrenn, Commissioner
N.H. Dept. of Corrections, et al.


## O R D E R

   Pro se plaintiff Todd M. Horstkotte is an inmate at the New
Hampshire State Prison who brought this civil rights action to
complain about the adequacy of the medical care he is receiving
for his hepatitis C virus.  Plaintiff has requested preliminary
injunctive relief to address the alleged lack of medical care and
various other claims, see Document nos. 1, 34 and 42, which are
currently pending before the court.  In addition to the requested
injunctive relief, plaintiff has filed several motions, some of
which are relevant to the preliminary injunction requests, some
of which assert new claims, and some of which are redundant.  The
record has become cluttered and confusing.  In an effort to
clarify the current status of the case and clean up the docket,
the disposition of these several motions is set forth below.

**A.    Resolved motions** –while the following motions have previously been ruled on by endorsed order, for clarity's sake the rulings are repeated here:

1.  Pl.'s Mot. to Supplement (document no. 11) – granted per endorsed order on June 5, 2008.

2.  Pl.'s Mot. to Supplement Answer to Defs.' Obj. to Injunction (document no. 17) – stricken per endorsed order dated June 25, 2008.

3.  Defs.' Am. Mot. to Strike Mot. for Misc. Relief (document no. 19) – granted per endorsed order dated June 25, 2008 striking document no. 17.

4.  Defs.' Emergency Request for Extenstion of Time to Answer Plaintiff's Compl. (document no. 46) – granted per endorsed order on July 25, 2008.


**B.    Pending motions** – the following motions are disposed of as follows:

1.  Pl.'s Mot. to Supplement Compl. (document no. 23) – this is actually the Supplement to the Complaint, which is allowed per the June 5, 2008, order granting plaintiff's motion to supplement (document no. 11), see A.1 above.  Document no. 23 together with document no. 1 constitute the Complaint in this action.

2.  Pl.'s Mot. to Supplement Parole Results (document no. 28) – this is another request to supplement the complaint and does not discuss the results of the parole hearing but instead asserts additional allegations about the inadequate medical care plaintiff is receiving at the NHSP and complaints about the parole hearing.  Requests to amend a complaint more than once require the consent of the opposing party or leave from the court, neither of which plaintiff sought.  See Fed. R. Civ. P. 15(a)(2).  Moreover, even as a pro se litigant, plaintiff is not entitled to repeated opportunities to

supplement his complaint without properly exhausting
his claims as required by 42 U.S.C. § 1997e(a) or
without satisfying the notice and justification
requirements of Fed. R. Civ. P. 15(d).  Denied.

3.  Pl.'s Mot. to Supplement the Record with Audio
    Recording of Parole Hearing (document no. 29) –
    Defendants submitted a typed transcript of the parole
    hearing (see document no. 30), rendering the audio
    tape redundant.  Denied as moot.

4.  Pl.'s Mot. to Waive Copy fee of 122 page pleading
    (document no. 32) – This motion requests copies of
    document no. 11, which have been made and are part of
    the record.  Denied as moot.

5.  Pl.'s Emergency Mot. for Inj. Relief (document no. 34) –
    Plaintiff has moved to dismiss this motion (see
    document no. 43).  Denied as moot.

6.  Pl.'s Obj. and Mot. to Strike Defs.' Response to
    Court Order dated May 27, 2008 regarding results
    of plaintiff's parole hearing (document no. 36) –
    Plaintiff's request to strike the defendants' filing
    informing the court of the results of plaintiff's
    June 19, 2008 parole hearing (document no. 30) is
    denied, as the document was submitted pursuant to this
    court's order.  Plaintiff's request for a copy of
    document no. 30 is granted.  Defendants are ordered to
    provide plaintiff with hard copies of all documents
    filed in this action, on the date they are filed.
    Granted in part; denied in part.

7.  Pl.'s Mot. to Supplement and Mot. for Inj. Relief
    (document no. 42) – Plaintiff's request to supplement
    the complaint to assert new claims about the NHSP
    infirmary does not comply with Fed. R. Civ. P. 15(a)(2)
    or (d) and is, therefore, denied.  Plaintiff's request
    for injunctive relief will be addressed in a Report
    and Recommendation regarding the disposition of the
    injunctive relief sought.  Denied in part.

8.  Pl.'s Mot. to Dismiss (document no. 43) – granted.

9.  Defs.' Mot. to Strike Pl.' Response to Defs.' Obj. to Mot. to Supplement (document no. 47) – Plaintiff's response/reply (document no. 37) to Defendants' Obj. (document no. 33) is redundant, trying again to supplement the complaint and to add the tape of the parole hearing to the record, which requests have previously been considered and denied (see B.3 and B.6 above).  Granted.

10. Defs.' Mot. to Strike Pl.'s Mot. to Supplement and Mot. for Inj. Relief (document no. 48) – plaintiff's Mot. to Supplement and Mot. for Inj. Relief (document no. 42), to the extent it seeks to supplement the complaint with new allegations, fails to comply with the requirements of Fed. R. Civ. P. 15(a)(2) or (d), or 42 U.S.C. § 1997e(a); to the extent plaintiff seeks injunctive relief based on those allegations, it will be disposed of in the Report and Recommendation regarding the pending requests for preliminary injunctive relief.  Granted in part; denied in part.

The parties are advised that the controlling pleading is the Complaint and the first Supplement thereto (document nos. 1 and 23) only.  Defendants' request for an extension of time to answer the complaint, which was granted on July 25, 2008, asked for a four week extension of time.  That request is hereby granted, and defendants shall file their answer by Wednesday, August 27, 2008.

Plaintiff is further advised that future filings must comply with both the Federal Rules of Civil Procedure and the United States District Court for the District of New Hampshire Local Rules ("LR"), in particular Fed. R. Civ. P. 11 and 15 governing

the filing of motions and amending of the complaint, and LR 7.1

an 7.2 governing motions.  While the court recognizes that

plaintiff is challenged by his pro se status, he is still

expected to know and comply with the rules of this court.  See LR

4.3(b).  Nonconforming motions shall be stricken and repeated

failure to abide by these rules may result in the imposition of

sanctions on the offending party.  See LR 1.3 & 5.2; see also

Fed. R. Civ. P. 11(c).  Finally, plaintiff is reminded of the

exhaustion requirement set forth in 42 U.S.C. § 1997e(a), that

must be satisfied before complaints may be presented to this

court under 42 U.S.C. § 1983.

   **SO ORDERED.**


_____
James R. Muirhead
United States Magistrate Judge

Date:  July 29, 2008

cc:  Todd M. Horstkotte, pro se
     Deborah B. Weissbard, Esq.